UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TYSHAWN PALMER,<br>  a/k/a "Ty Boogie,"<br>  a/k/a "pte_tm," and<br>HASSAN BROWN,<br>  a/k/a "Twin,"<br>  a/k/a "everythingsleezy,"<br><br>                    Defendants. | **SEALED**<br>**SUPERSEDING INDICTMENT**<br><br>S1 22 Cr. 600 (LAP) |

**COUNT ONE**
**(Witness Tampering – Threat to Kill)**

The Grand Jury charges:

*Overview*

1.      Between February 2 and February 11, 2026, a jury in the U.S. District Court for the Southern District of New York sat for the federal criminal trial of *United States v. Lamar Williams*, 22 Cr. 600 (LAP) (S.D.N.Y.) (the "Trial"), in which Lamar Williams, a leader of the violent Mac Ballers gang in the Bronx, New York, was charged with participating in the Mac Ballers racketeering conspiracy, with predicate crimes of murder and trafficking 280 grams and more of cocaine base, murder in aid of racketeering, and murder through the use of a firearm. On or about February 4 and February 5, 2026, a witness (the "Witness") testified about, among other things, the murder that Williams committed on Bronx River Avenue on August 11, 2013. A unanimous jury later convicted Williams on all counts.

2.      On or about February 4, 2026, TYSHAWN PALMER, a/k/a "Ty Boogie," a/k/a "pte_tm," and HASSAN BROWN, a/k/a "Twin," a/k/a "everythingsleezy," the defendants, who are gang associates of Williams in the Mac Ballers and have known both Williams and the Witness

for years, learned that the Witness was testifying in the Trial. During and after the Witness's testimony, PALMER and BROWN, and other Mac Baller members and associates, used Instagram to post and repost threats designed to stop or to influence the testimony of the Witness at the Trial and any other official proceedings related to the criminal conduct of the Mac Ballers, and to prevent the Witness from providing information to law enforcement officers and federal judges about the federal crimes committed by members and associates of the Mac Ballers.

3.    PALMER and BROWN posted and reposted, among other things, the Instagram account name and photograph of the Witness; posts that repeatedly referred to the Witness as a "rat" and a "snitch"; and multiple photographs of the Witness, the Witness's pregnant wife at her baby shower, and the Witness's young child, including the following post in which the defendants threatened to "kill[ ]" the Witness's child "at his school":[1]



---

[1] This image has been redacted for this Superseding Indictment. The image originally posted and reposted to Instagram included the unredacted faces of the Witness and the Witness's young child.

*Statutory Allegations*

4.     On or about February 4, 2026, in connection with the trial of a criminal case in the Southern District of New York in which the maximum term of imprisonment that could have been imposed for any offense charged was life, TYSHAWN PALMER, a/k/a "Ty Boogie," a/k/a "pte_tm," and HASSAN BROWN, a/k/a "Twin," a/k/a "everythingsleezy," the defendants, used physical force and the threat of physical force against a person, and attempted to do so, with intent to (A) influence, delay, and prevent the testimony of any person in an official proceeding; (B) cause and induce any person to withhold testimony, and withhold a record, document, and other object, from an official proceeding, and to be absent from an official proceeding to which that person has been summoned by legal process; and (C) hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of information relating to the commission and possible commission of a Federal offense, and aided and abetted the same.

(Title 18, United States Code, Sections 1512(a)(2), 1512(j), and 2.)

## COUNT TWO
**(Witness Retaliation – Threat to Kill)**

The Grand Jury further charges:

5.     On or about February 4, 2026, because of the attendance at and testimony of a witness in a criminal case in the Southern District of New York in which the maximum term of imprisonment that could have been imposed for any offense charged was life, TYSHAWN PALMER, a/k/a "Ty Boogie," a/k/a "pte_tm," and HASSAN BROWN, a/k/a "Twin," a/k/a "everythingsleezy," the defendants, knowingly engaged in conduct and thereby caused bodily injury to another person and damaged the tangible property of another person, and threatened to do so, with intent to retaliate against a person for (A) the attendance and testimony of a witness at an official proceeding, and any testimony given and any record, document, and other object

produced by a witness in an official proceeding, and (B) any information relating to the commission and possible commission of a Federal offense given by a person to a law enforcement officer, and attempted to do so, and aided and abetted the same.

(Title 18, United States Code, Sections 1513(b), 1513(c), and 2.)

## FORFEITURE ALLEGATION

6. As a result of committing the offenses alleged in Counts One and Two of this Superseding Indictment, TYSHAWN PALMER, a/k/a "Ty Boogie," a/k/a "pte_tm," and HASSAN BROWN, a/k/a "Twin," a/k/a "everythingsleezy," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

> (Title 18, United States Code, Section 981;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
JAY CLAYTON  
United States Attorney

5